NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 23-03866 (GC) (JBD)<br><br>OPINION |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 11.) Plaintiff opposed, and Defendant replied. (ECF Nos. 15 & 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC, has filed in the United States District Court for the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023. In each of these cases, Plaintiff sues "health insurance companies, third-party administrators, health and welfare funds, or . . . self-insured employers" based on their alleged failure to pay Plaintiff "for laboratory testing of specimen,

including but not limited to COVID-19 tests, which [Plaintiff] performed for the insureds/claimants." (ECF No. 7 ¶ 1.)

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (*Id.* ¶ 11.) Plaintiff "operated a licensed medical testing laboratory business" that "performed clinical laboratory, toxicology, pharmacy, genetics, and addition rehabilitation testing services on specimen," including "COVID-19 testing." (*Id.* ¶¶ 28-30.) Defendant State Farm is alleged to provide health insurance services with a principal place of business in Bloomington, Illinois. (*Id.* ¶ 13.)

Plaintiff alleges that its claims "originated when . . . the insureds/claimants submitted specimen via molecular swabs" and "blood samples . . . at physicians' offices or at a facility, and they were shipped to the laboratory." (*Id.* ¶ 36.) The "laboratory tested the specimens, provided the results to the appointed recipients, and submitted the bill, typically called a claim, to the Defendant[] for payment." (*Id.*) "Pursuant to the Benefits clauses or provisions of the insurance contracts, Defendant[] [was] supposed to pay . . . the claims, pursuant to Abira's fee schedule or the insurer's fee schedule, or typically, negotiate a reasonable fee." (*Id.* ¶¶ 36, 39.) The total amount of payments said to be due and owing is $124,922.14. (*Id.* ¶¶ 9, 65-66.) And Plaintiff claims that "the insureds/claimants providing their insurance information to Abira, for the purpose of Abira filing claims . . . for payment of lab tests" evidences that "the insureds/claimants designated Abira as their assignee." (*Id.* ¶ 5.) Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, or any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant.

Plaintiff asserts eight causes of action against Defendant, other unidentified "affiliates," and unnamed companies and persons: Count One for breach of contract; Count Two for breach of

2

the implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation; Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; Count Seven for quantum meruit/unjust enrichment; and Count Eight for violations of the Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, Economic Security (CARES) Act. (*Id.* ¶¶ 56-121.)

This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1.) On October 10, 2023, Plaintiff filed the Amended Complaint, which is the operative pleading. (ECF No. 7.) On October 27, Defendant moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 11.) Plaintiff opposed on November 27, and Defendant replied on December 11. (ECF Nos. 15 & 18.)

## II.  LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood*

3

*Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

### III. DISCUSSION

#### A. COUNTS ONE AND TWO—BREACH OF CONTRACT & BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant argues that the breach-of-contract claim fails because Plaintiff has not pleaded with adequate specificity the alleged contract's "parties, its effective date, or the provisions that were allegedly breached." (ECF No. 11-1 at 9.[1]) According to Defendant, the Amended Complaint is insufficient because it is silent as to "what contract it alleges [Defendant] breached; what the terms of the contract were; and whether it was express or implied." (*Id.* at 12.)

Plaintiff counters that it has alleged that it is an "authorized representative" pursuant to 29 C.F.R. § 2560.503-1(b)(4) and that Defendant "failed to pay for the laboratory services rendered in breach of Defendant['s] agreement with the claimants (now represented by Abira)." (ECF No. 15 at 6.) Plaintiff also argues that "[a]t the pleading stage, Plaintiff does not need to prove the existence of a contract," and it insists that it has adequately pleaded that Defendant "failed to pay for the laboratory services rendered in breach of [Defendant's] agreement with and obligation to the claimants." (*Id.* at 7.)

Although nothing need be "proven" at the pleading stage, it is not enough for Plaintiff to generally allege that Defendant breached a contract by failing to pay for services pursuant to some currently unidentified agreement with some currently unidentified claimants. Under New Jersey

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

4

law,[2] to state a breach of contract claim, Plaintiff cannot rely solely on an alleged "general obligation" without tying it to a specific contractual provision. *Perry v. Nat'l Credit Union Admin.*, 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021). A plaintiff must state facts that allow for the plausible inference that a contract exists and that provisions in that contract were violated. *See Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must . . . specifically identify portions of the contract that were allegedly breached." (quoting *Faistl v. Energy Plus Holdings, LLC*, Civ. No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012))); *Etrailer Corp. v. Unbeatablesale.com, Inc.*, Civ. No. 21-10172, 2024 WL 1016200, at *4 (D.N.J. Mar. 8, 2024) ("[A] complaint's reference to an agreement and allegation of its breach is insufficient to survive dismissal because those claims are 'legal conclusion[s]' properly disregarded on a Rule 12(b)(6) motion." (citation omitted)); *Riachi v. Prometheus Grp.*, Civ. No. 16-2749, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016) ("Although the Complaint does reference an 'Agreement' between the parties . . . , it does *not* provide any specific details as to when the parties entered a contract, what the terms of the contract were, or how Defendants' actions might have violated those terms. . . . Without more, Plaintiff's Complaint has not plausibly stated a claim for breach of contract.").

Plaintiff cites *Scott Jordan International, Inc. v. Lexmark Carpet Mills, Inc.*, in support of its position that it has "alleged with enough specificity the existence and breach of the contract at issue." (ECF No. 15 at 7 (citing *Scott Jordan Int'l, Inc. v. Lexmark Carpet Mills, Inc.*, Civ. No. 22-6551, 2023 WL 5353172 (D.N.J. Aug. 21, 2023)).) But the district court in *Scott Jordan*

---

2   Because this Court is sitting in New Jersey and both parties cite New Jersey case law, the Court will accept that New Jersey law applies for purposes of the present motion. *See Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 591 n.5 (D.N.J. 2016) ("Since Plaintiffs have made their allegations under New Jersey law and both parties . . . briefed the sufficiency of the claims under New Jersey law, the Court will, for purposes of deciding the present motion to dismiss, apply New Jersey law . . . .").

*International* determined that the plaintiff had *not* plausibly alleged the existence of a contract or its breach where the plaintiff did not specify the agreed-upon terms, including how the plaintiff would be compensated, the amount of money owed under the contract, or the duration of the contract. *Scott Jordan Int'l, Inc.*, 2023 WL 5353172, at *4-5. Here, too, Plaintiff has not cited to any specific provision of any contract, including a provision that entitles it to monies from Defendant. It has not even identified the "claimants/insureds" who are alleged to be parties to an insurance contract with Defendant. Instead, Plaintiff argues that it is an "authorized representative" of currently unidentified "claimants/insureds," citing ERISA regulation 29 C.F.R. § 2560.503-1(b)(4). (ECF No. 15 at 6.) But Plaintiff has not affirmatively pleaded that the plans at issue are in fact ERISA plans to which the regulation would be applicable. (ECF No. 7 ¶ 3 ("To the extent that the contracts relevant to the underlying claims are governed by ERISA . . . .").) Further, courts have held that the regulation "is limited to internal appeals," not civil actions for benefits. *Prestige Inst. for Plastic Surgery, P.C. o/b/o S.A. v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 20-3733, 2021 WL 4206323, at *3 (D.N.J. Sept. 16, 2021); *Cooperman v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 19-19225, 2020 WL 5422801, at *3 (D.N.J. Sept. 10, 2020) ("This Court has repeatedly held that this regulation applies only to internal claims and appeals, not to federal lawsuits brought after the plan member exhausts those appeals.").[3] And even if the regulation enabled Plaintiff to sue on behalf of insureds for benefits, Plaintiff would still be required to "identif[y] a particular [plan] provision . . . which . . . entitles

---

[3] This view is shared by courts outside this District. *See, e.g.*, *OSF Healthcare Sys. v. SEIU Healthcare IL Pers. Assistants Health Plan*, 671 F. Supp. 3d 888, 891-92 (N.D. Ill. 2023) ("[I]n the regulations governing ERISA, 29 C.F.R. § 2560.503-1(b)(4) expressly allows authorized representatives like OSF to file *internal* claims and appeals but, importantly, does not confer standing to authorized representatives to pursue civil actions against a plan."); *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, Civ. No. 19-9761, 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) ("[A] medical provider's status as an Authorized Representative does not . . . independently provide a cause of action pursuant to ERISA.").

[it] to benefits," which Plaintiff has not done. *BrainBuilders, LLC v. Aetna Life Ins. Co.*, Civ. No. 17-03626, 2024 WL 358152, at *7 (D.N.J. Jan. 31, 2024) (collecting cases). Therefore, Plaintiff's breach-of-contract claim in Count One is dismissed without prejudice. *Scott Jordan Int'l, Inc.*, 2023 WL 5353172, at *5 ("Plaintiff must allege with enough specificity the existence and breach of the contract at issue.").

Because the Court finds that Plaintiff has not adequately pleaded the existence of a contract or its breach, the claim for breach of the implied covenant is not plausibly stated and must be dismissed without prejudice. *See, e.g.*, *Hall v. Revolt Media & TV, LLC*, Civ. No. 17-2217, 2018 WL 3201795, at *3 (D.N.J. June 29, 2018) ("Where a plaintiff fails to adequately allege the existence of a contract, plaintiff cannot allege that defendant breached the covenant of good faith and fair dealing."); *Wade v. Kessler Inst.*, 798 A.2d 1251, 1262 (N.J. 2002) ("To the extent plaintiff contends that a breach of the implied covenant may arise absent an express or implied contract, that contention finds no support in our case law."). The breach of the implied covenant claim also appears to be duplicative of the breach-of-contract claim and subject to dismissal on that basis. *See McMillian v. GEICO Indem. Co.*, Civ. No. 23-01671, 2023 WL 7039535, at *6 (D.N.J. Oct. 26, 2023).

### B. COUNTS THREE, FOUR, FIVE, AND SIX—FRAUDULENT MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, PROMISSORY ESTOPPEL, AND EQUITABLE ESTOPPEL

Counts Three through Six in the Amended Complaint—for fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel—all rely on the same three allegations: (1) Defendant "promised the insureds/claimants in the Benefits clause of the insurance contracts[] that [Defendant] would cover for the insureds/claimants[] the cost of lab tests for specimen"; and (2) "the insureds/claimants appointed Abira as an 'authorized representative'" pursuant to 29 C.F.R. § 2560.503-1(b)(4). (ECF No. 7 ¶¶ 73-74, 81-82, 89-90, 98-99.)

These allegations, however, are insufficient to plausibly state each of these claims.[4] As to the alleged "promise" in the insurance contracts, Plaintiff has not identified any claimant/insured, any plan or type of plan under which they were insured, or the specific provision of any plan that would entitle a claimant/insured to be covered for "the cost of lab tests for specimen." (*See, e.g.*, *id.* ¶ 73.) As to the allegation that Plaintiff is an authorized representative, the Court has already explained that the regulation is inapplicable in this case. Nor has Plaintiff pled any sufficient factual matter allowing this Court to find that there was ever a misrepresentation or a clear and definite promise on which it was reasonable for Plaintiff to rely. *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 360 (D.N.J. 2021) (dismissing fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel claim where the pleading did not go "beyond generalities" and did not identify "a speaker or specific communication"); *Premier Orthopaedic Assocs. of S. NJ, LLC v. Aetna, Inc.*, Civ. No. 20-11641, 2021 WL 2651253, at *4 (D.N.J. June 28, 2021) ("These vague allegations as to which services Aetna agreed to cover, and how much Aetna agreed to pay Plaintiff for these services, do not provide sufficient facts to support the plausibility of Plaintiff's breach of contract, promissory estoppel, and accounts stated claims. Each of these claims requires Plaintiff to show the specific terms Aetna agreed to (for breach of contract) or the precise promise Aetna made (for promissory estoppel and accounts stated)."); *Bergen Beverage Distributors LLC v. E. Distributors I, Inc.*, Civ. No. 17-04735, 2017 WL 5714702, at *3 (D.N.J. Nov. 28, 2017) (dismissing negligent misrepresentation claim where the plaintiffs did "not indicate who actually made the statements to whom or when they were made, nor do they indicate how many hours were promised and how

---

[4] There also seems to be a question "as to whether New Jersey courts recognize a claim of equitable estoppel as an independent cause of action." *D'Urso v. BAMCO, Inc.*, Civ. No. 22-03723, 2023 WL 5623945, at *10 (D.N.J. Aug. 31, 2023) (collecting cases). The Court addresses Plaintiff's claims without resolving this conflict—if one exists at all.

many were actually worked"); *Capers v. FedEx Ground*, Civ. No. 02-5352, 2012 WL 2050247, at *2 (D.N.J. June 6, 2012) (dismissing promissory estoppel claim where the allegations were "little more than a recitation of the elements" and the pleading did "not allege any specific facts supporting the claim").

Accordingly, Counts Three through Six are dismissed without prejudice.

### C. COUNT SEVEN—QUANTUM MERUIT/UNJUST ENRICHMENT

The quantum meruit/unjust enrichment claim in Count Seven also fails at this time because Plaintiff has not plausibly pleaded that benefits were conferred on Defendant. Indeed, both quantum meruit and unjust enrichment "require[] a determination that defendant has benefitted from plaintiff's performance." *MHA, LLC*, 539 F. Supp. 3d at 361 (quoting *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 162 A.3d 306, 310 (N.J. Super. Ct. App. Div. 2017)). While district courts in this Circuit have long held that benefits for medical services "inure[d] only to the patients treated," not the insurers,[5] at least one court in this District has interpreted the Third Circuit's opinion in *Plastic Surgery Center, P.A. v. Aetna Life Insurance Co.* as opening the door for unjust enrichment claims against insurers. *MHA, LLC*, 539 F. Supp. 3d at 361 (citing *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 241 n.26 (3d Cir. 2020)).

In *Plastic Surgery Center*, the Court of Appeals underscored that "where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is not the provision of the healthcare services *per se*, but rather the discharge of the obligation the insurer owes to its insured." 967 F.3d at 240. And because the obligation the insurer owes typically springs from a plan, the health provider must plausibly establish that a plan exists, the insurer

---

[5] *See, e.g.*, *Plastic Surgery Ctr., LLC v. Oxford Health Ins., Inc.*, Civ. No. 18-2608, 2019 WL 4750010, at *6 (D.N.J. Sept. 30, 2019) ("[T]his Court 'consistently' dismisses unjust enrichment claims when a healthcare provider sues an insurer for the unreimbursed costs of a procedure performed on an insured.").

"'received a benefit'—*i.e.*, the discharge of its duties under that plan," and that "retention of that benefit without payment would be unjust." *Id.* at 241 (citations omitted).

Here, even accepting that an unjust enrichment claim could be maintained against Defendant, Plaintiff has not adequately pleaded its claim because its allegations do not plausibly establish that a plan exists under which Defendant "received a benefit." Notably, Plaintiff does not identify any of Defendant's insureds, does not identify what duties Defendant owed to the insureds under the specific terms of any plan, and does not plead allegations that allow this Court to infer that Defendant unjustly retained a benefit under any plan without payment.

Accordingly, Count Seven is dismissed without prejudice.

### D.  COUNT EIGHT—FFCRA OR CARES ACT

Plaintiff's last claim is for COVID-19 testing services under the FFCRA and CARES Act. Courts, including in this District, have held that neither statute creates a private cause of action against an insurer. *See, e.g.*, *Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, Civ. No. 23-03103, 2023 WL 4744751, at *2 (D.N.J. July 25, 2023) ("Courts in this district, as well as the other districts around the country, agree that there is no implied private right of action for individuals under the CARES Act."); *Genesis Lab'y Mgmt. LLC v. United Health Grp., Inc.*, Civ. No. 21-12057, 2023 WL 2387400, at *3 (D.N.J. Mar. 6, 2023) ("[T]he Court, in line with its sister courts, finds that Plaintiff has no implied private right of action under the FFCRA and the CARES Act."); *see also Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1016 (9th Cir. 2023) ("We therefore hold that the CARES Act does not grant a private right of action to a provider of COVID-19 diagnostic testing to enforce § 3202.").

Plaintiff cites *Open MRI & Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health & Life Insurance Company*, where the district court found that "an insured can sue under ERISA when an insurer denies coverage for COVID-19 testing." Civ. No. 20-10345, 2022 WL 1567797,

10

at *6 (D.N.J. May 18, 2022). (ECF No. 7 ¶ 113.) But even if the Court accepts this argument on its face, Plaintiff does not plead that the plans at issue are ERISA plans and does not assert any of its eight counts under ERISA. Further, Plaintiff has not alleged the facts necessary to bring an ERISA claim for benefits as an assignee of a plan participant or beneficiary. *See Minisohn Chiropractic & Acupunture Ctr., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 23-01341, 2023 WL 8253088, at *3 (D.N.J. Nov. 29, 2023) ("[D]istrict courts in the Third Circuit have ruled that a healthcare provider ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s)." (collecting cases)).

Accordingly, Count Eight is dismissed without prejudice.

## IV. CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED**. An appropriate Order follows.

Dated: June 26, 2024

*[signature]*

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE